UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PRESIDIO GROUP, LLC, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>JUNIPER LAKES DEVELOPMENT, LLC, et al.,<br><br>    Defendants. | Case No. C09-5740 RJB<br><br>ORDER ON DEFENDANTS JUNIPER LAKES DEVELOPMENT, LLC, WHITE KNIGHT VENTURES, LLC, DAVID R. AMBROSE AND JANIS K ALEXANDER'S MOTION TO STRIKE AND FOR A MORE DEFINITE STATEMENT |

This matter comes before the court on the defendants Juniper Lakes Development, LLC, White Knight Ventures, LLC, David R. Ambrose and Janis K. Alexander's Motion to Strike and for a More Definite Statement (Dkt. 19). The court has considered the defendant's motion (Dkt. 19); the plaintiffs' Response Memorandum of Law to FRCP 12(e) Motion for More Definite Statement and FRCP 12(f) Motion to Strike of Juniper Lakes Development, LLC, White Knight Ventures, LLC, David R. Ambrose, and Janis K. Alexander (Dkt. 24); and the file herein.

## BACKGROUND

On November 27, 2009, the plaintiffs submitted an 223 page complaint (Dkt. 1), alleging, near as the court can tell, that the defendants committed fraud in connection with consummating a settlement

ORDER
Page - 1

agreement for a dispute over a piece of property in Deschutes County, Oregon, known as the "Cook Ranch Project." *See* Dkt. 25.  The plaintiffs allege many claims, including claims for violation of the Racketeer Influenced and Corruption Organization Act ("RICO").  Dkt. 1.

On March 8, 2010, defendants Juniper Lakes Development, LLC, White Knight Ventures, LLC, David R. Ambrose and Janis K. Alexander filed a Motion to Strike and for a More Definite Statement (Dkt. 19).  Defendants contend that the plaintiffs' complaint is "lengthy, repetitive, cumulative and confusing..." Dkt. 19.  The defendants contend that the complaint's length and lack of clarity prevent them from forming a response, and that, even if they were able to form a response, such a response would require unnecessary cost and expense for the defense and for the court.  *Id.*

On March 22, 2010, the plaintiffs filed their response to the defendants' instant motion (Dkt. 24), and they contend that a short and plain statement is not required, and that a shortened pleading would leave the complaint deficient.  Dkt. 24.  On March 26, 2010, the defendants filed their reply in support of their instant motion (Dkt. 25), and they contend that the plaintiffs are required to submit a short and plain statement of their claims.

## STANDARD

Generally, RICO actions are subject to the same pleading standards as are other actions, and only a short and plain statement is required.  *Young v. West Coast Indus. Relations Ass'n, Inc.*, 763 F.Supp. 64 (D. Del 1991), *aff'd*, 961 F.2d 1570 (3rd Cir. 1992).  Under this liberal system of "notice pleading," a claimant need not set out in detail the facts upon which he bases his claim; to the contrary, the claimant need only give the defendant fair notice of what the claim is, and the grounds upon which it rests.  *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9 Cir. 2001), quoting *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).  When alleging fraud, however, a plaintiff must "state with particularity the circumstances constituting fraud..." Fed. R. Civ. P. 9(b).  The Court recognizes the tension between Rule 8(a), which requires a "short and plain statement," and Rule 9(b), which requires the party state his claim with particularity.  Additionally, a RICO plaintiff must plead each element of a RICO violation and facts supporting each element.  *Wagh v. Metri Direct, Inc.*, 363 F.3d 821 (9th Cir. 2003), *cert. denied*, 541 U.S. 1043 (2004).  Mere conclusory allegations of RICO violations are insufficient, although allegations in the pleadings may be based on information and belief.  The complaint

must specify which RICO provision has been violated, and allege a direct causal link between the plaintiff's injury and the defendant's violation. *Id.*

## DISCUSSION

Plaintiffs' 223 page RICO complaint (Dkt. 1) does not correctly balance the tension between Rule 8(a), requiring a "short and plain statement," and Rule 9(b), requiring the party to state his claim with particularity. The title to the complaint alone is an excessive eight pages. It appears to list all of the plaintiffs' claims, as well as their statutory basis. Not until page 20 does the complaint address the facts alleged. From there the complaint continues on for another 203 pages. In those 203 pages, the plaintiffs provide a needless repetition of facts, of party names and entity statuses, and of citations to statutes. While Rule 9(b) requires particularity, the sheer quantity of redundant material present here forces the court and the defendants to engage in an unreasonable amount of filter. Plaintiffs need only state the circumstances constituting their claims, including their fraud and RICO claims; the plaintiffs do not need to list every detail they intend to present into evidence.

Moreover, near as the court can tell from its reading of the plaintiffs' lengthy complaint, the plaintiffs have not alleged sufficient facts to assert a RICO claim. Instead, the plaintiffs seem to allege breach of the settlement contract. Despite plaintiffs' arguments that they cannot submit a short and plain statement of their complaint, the plaintiffs summarized their claims in their response to the instant motion (Dkt. 24), as follows:

> "The crux of the subject revolves upon movants' conduct constituting alleged fraud committed in connection with consummating a settlement agreement in late February, 2007 to resolve a prior dispute. That dispute involved the disposition of certain undeveloped real property located in Deschutes County, Oregon, known euphemistically as the 'Cook Ranch Project.' Movants acquired by assignment from plaintiffs all of plaintiffs' right, title, and interest to acquire that real property, including substituting into a pending action in an Oregon court to obtain declaratory relief that plaintiffs were the first in time, first in right to buy that property despite competing claims asserted by other putative purchasers. Movants agreed to a settlement with plaintiffs. Plaintiffs were to received a total of $500,000, which $30,000 was in fact paid to plaintiff. Plaintiffs were to receive payment of $265,000 on 1 August 2007; however, movants reneged upon the agreement, refusing payment, culminating with initiation of an arbitration proceeding in 2008. Plaintiffs prevailed at arbitration, the arbitrator specifically finding in favor of plaintiffs, entering an award in early 2009 of damages, costs, and attorneys' fees. Plaintiffs subsequently confirmed the award in the form of a judgment in an Oregon court.
> Unbeknownst to plaintiffs, movants had, without knowledge of

> plaintiffs, consummated a loan through Anacapa, a company providing funds to movants for purposes of acquiring and developing the Cook Ranch Project. Without disclosing this fact, movants pledged the underlying intangible personal property interest of the settlement agreement as collateral for the Anacapa loan i.e., the cause of action assigned by plaintiffs under the settlement agreement. Plaintiffs learned of this fact after the confirmation of the arbitration award. Plaintiffs allege that movants tortiously interfered with plaintiffs' settlement contractual rights. Anacapa subsequently initiated suit against movants in Oregon court." (Dkt. 24 at 2-3).

The plaintiffs also assert a litany of other facts, but nowhere do they assert the facts necessary to allege a RICO violation. For example, the plaintiffs have not alleged that they were injured by the defendants' use of funds derived from the racketeering mail fraud, as required by 18 U.S.C. § 1962(a); they have not alleged that the defendants' activities led to their control of a RICO enterprise, as required by § 1962(b); they have not alleged that the defendants' RICO enterprise exists independently from the alleged racketeering activity, as required by § 1962(c); and they have not sufficiently alleged claims under § 1962(a), (b), or (c), as required by § 1962(d).

As the defendants have noted, the judges of the Western District of Washington have often been forced to address the defects of pleadings submitted by plaintiffs' attorney, Dean Browning Webb. *See* Case No. 08-5298RBL; Case No. C08-5359BHS; Case No. C08-5580BHS. This court again instructs Mr. Webb to shorten his pleadings, and again puts him on notice that he may be personally liable for "unreasonably and vexatiously" multiplying proceedings. *Salstrom v. Citicorp Credit Services, Inc.*, 74 F.3d 183 (upholding the district court's decision to impose sanctions under 28 U.S.C. § 1927 when Mr. Webb showed bad faith through "the number and length of the pleadings, the timing involved in many of the filings, and the substance of the claims asserted.")

Accordingly, the defendants' motion (Dkt. 19) should be granted to the following extent: the Motion for a More Definite Statement should be granted, and plaintiffs should be granted leave to file an amended complaint, limited to 20 pages, that clearly alleges the claims asserted against defendants. The plaintiffs should file their amended complaint by April 21, 2010,. Ruling on the Motion to Strike will be considered after that date.

1   Accordingly, it is hereby **ORDERED** that defendants Juniper Lakes Development, LLC, White Knight Ventures, LLC, David R. Ambrose and Janis K. Alexander's Motion to Strike and for a More Definite Statement (Dkt. 19) is **GRANTED**, and the plaintiffs have leave to file an amended complaint, as discussed above. The Motion to Strike is renoted to April 21, 2010.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 31st day of March, 2010.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge